IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY DIMEO, III          :    CIVIL ACTION
                            :
        v.              :
                            :
TUCKER MAX               :    NO. 06-1544

ORDER

AND NOW, this 25th day of May, 2006, upon consideration of plaintiff's petition to remand this matter back to the Philadelphia County Court of Common Pleas (docket entry # 3) and defendant's response (docket entry # 9), and the Court finding that:

(a)   On or around March 10, 2006, Anthony DiMeo, III filed a complaint against Tucker Max in the Philadelphia Court of Common Pleas;

(b)   On March 23, 2006, DiMeo forwarded that complaint by electronic mail to Max's lawyer;

(c)   On April 12, 2006, Max removed the complaint to this Court;

(d)   DiMeo here alleges that that removal was untimely and predicates his petition to remand on a March 10, 2006 article in <u>Philly</u> <u>Metro</u> entitled, "DiMeo Sues Web site owner," <u>see</u> Pl.'s Pet., Ex. A;

(e)   According to the article, on or before March 10, 2006, the <u>Metro</u> contacted Max by email and advised him about DiMeo's complaint, to which Max replied, "Awesome.  Please give Ant-nee my address, so as to expedite delivery of a document I anticipate to be of the highest comedy," <u>id</u>.;

(f)   28 U.S.C. § 1446(b) gives defendants thirty days to file notices of removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id.;

(g)   DiMeo argues that, because the Metro told Max about the lawsuit on or before March 10, 2006, the complaint was "recei[ved] by the defendant, through service or otherwise," on or before that date; thus, according to DiMeo, Max filed the notice of removal outside of his thirty-day window;

(h)   The problem with DiMeo's argument is that the United States Supreme Court squarely rejected it in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 536 U.S. 344 (1999);

(i)   There the Court considered "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run," id. at 347, a question it answered in the affirmative: "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service," id. at 347-48;

2

(j)  Thus, at least after 1999, DiMeo's removal argument is meritless;

(k)  Instead of the date he suggests, the removal clock began ticking at the earliest on March 23, 2006, when DiMeo emailed the complaint (by agreement) to Max's lawyer, and because Max filed a notice of removal on April 12, 2006, that notice was timely, see 28 U.S.C. § 1446(b);

(l)  Max asserts that simply denying DiMeo's motion is not enough and that we should actually sanction DiMeo's lawyer, Matthew B. Weisberg, for refusing to withdraw such a frivolous petition;

(m)  Max points out that immediately after Weisberg filed the petition to remand, Max's lawyer sent a letter advising him about Murphy and warning that DiMeo's refusal to withdraw the petition by May 1, 2006 would result in Max's application for sanctions, see Def.'s Resp., Ex. 1, at 3;

(n)  Under 28 U.S.C. § 1927, a court may sanction an attorney for (1) multiplying proceedings, (2) unreasonably and vexatiously, (3) thereby increasing the cost of the proceedings, (4) with bad faith or with intentional misconduct, see LaSalle Nat'l Bank v. First Connecticut Holding, 287 F.3d 279, 288 (3d Cir. 2002) (citing In re Prudential Ins. Co. Am. Sales Practice Litig., 278 F.3d 175, 188 (3d Cir. 2002));

(o)  Our Court of Appeals has cautioned that, to justify sanctions under § 1927, the attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation," id. (quoting

3

Baker Industr. Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985));

      (p)   To be sure, Weisberg exercised very poor judgment;

      (q)   By refusing to withdraw a frivolous motion, Weisberg forced counsel at a major Philadelphia law firm to do legal research, write a formal response, and then file it -- all at a cost to Max;

      (r)   Weisberg also wasted the time of this Court and, in turn, the United States taxpayers;

      (s)   Weisberg's poor judgment is compounded by his request to file a supplemental brief;

      (t)   Expecting that Weisberg would use this opportunity to withdraw the petition, we granted his request;

      (u)   It was thus surprising indeed when Weisberg subsequently advised us -- just ten minutes before his brief was due -- that he had decided not to avail himself of the very opportunity he himself requested;

      (v)   In short, Weisberg's actions reflect a blatant disregard for the time of opposing counsel, his client's adversary, and this Court, and he would be well-advised to change his ways the next time he appears in federal court,[1]

      It is hereby ORDERED that:

      1.   Plaintiff's petition to remand is DENIED; and

---

      [1]   His misconduct is not so "egregious" as to warrant sanctions, however.  See LaSalle, 287 F.3d at 289.

2.   Defendant's request for sanctions is DENIED.


                              BY THE COURT:

                              /s/ Stewart Dalzell, J.